UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IRENE REILLY and JAMES REILLY,

                                                             **ORDER**
                    Plaintiffs,                            15-cv-01416 (LDH) (SJB)

       -against-

MACY'S, INC. and THYSSENKRUPP ELEVATOR
CORPORATION,

                    Defendants.
------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

       Plaintiffs Irene Reilly and James Reilly, brought an action against Defendants Macy's Inc. and ThyssenKrupp Elevator Corp., alleging that Defendants' negligence was the but-for cause for Mr. Reilly falling down the escalator at the Macy's department store located in Staten Island, New York. ThyssenKrupp and Macy's brought cross-claims against each other for indemnification. On October 26, 2016, by stipulation, the action was dismissed with prejudice only as to Plaintiffs' claims against Defendants. (ECF No. 35.)

       ThyssenKrupp moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on its common law indemnification claim. Macy's cross-moves, pursuant to Rule 56, for indemnification as to its attorneys' fees. For the reasons stated on the record at the March 12, 2018 oral argument and as set out in summary below, ThyssenKrupp's motion is DENIED, and Macy's cross-motion is GRANTED.

## STANDARD OF REVIEW

       Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine dispute of material

1

fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330–31 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325.

Once the movant meets its initial burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *Castro v. Cty. of Nassau*, 739 F. Supp. 2d 153, 165 (E.D.N.Y. 2010) (citing *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996)). That is, the non-movant cannot survive summary judgment merely by relying on the same conclusory allegations set forth in her complaint. *See Murphy v. Lajaunie*, No. 13-cv-6503, 2016 WL 1192689, at *2 (S.D.N.Y. Mar. 22, 2016) (citing *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)).

## DISCUSSION

I. <u>ThyssenKrupp is not entitled to common law indemnification</u>.

ThyssenKrupp contends that it is entitled summary judgment on its common law indemnification claim as a matter of law. To sustain a common law indemnification claim ThyssenKrupp must, as conceded in its brief, demonstrate that Macy's was negligent. *See Luna*

2

*v. Am. Airlines*, 769 F. Supp. 2d 231, 238 (S.D.N.Y. 2011) (noting that the essential requirement for common law indemnification "is fault on the part of the indemnitor"). ThyssenKrupp argues in effect that Macy's was negligent because ThyssenKrupp "repeatedly advised Macy's not to use their escalators as staircases" and "had no liability in this matter." (Def. ThyssenKrupp Br. at 13, ECF No. 37-3.) This theory of liability is unsupported by law. At oral argument and in its moving papers, ThyssenKrupp admitted that Macy's was not negligent under New York law. (*Id.* at 7–8.) As Macy's notes, "[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances." *George v. Marshalls of MA, Inc.*, 61 A.D.3d 925, 930 (2009). ThyssenKrupp has adduced no evidence upon which the Court could find that Macy's was negligent, thereby triggering any purported duty to indemnify. ThyssenKrupp's motion is therefore denied.

II. <u>Macy's is entitled to reimbursement for its attorneys' fees</u>.

Macy's contends that it is entitled summary judgment on its claim for reimbursement of its attorneys' fees as a matter of law. The Macy's Vertical Transportation Agreement (the "Contract") states:

> To the fullest extent permitted by law, Contractor shall indemnify, defend, and hold harmless Owner, Owner's Affiliates, and their respective employees, directors, officers, insurers, agents, successor, assigns and authorized representatives of each ("Indemnitees") from and against any and all suits, actions, legal, or administrative proceedings, claims, debts, demands, damages, incidental and consequential damages, liabilities, interest, costs and expenses of whatsoever kind or nature arising out of or related to this Contract and/or work or Services provided hereunder (including reasonable attorney's expenses and costs of settlement) ("Claims"), whether arising during or after commencement or completion of the work or Services, which are in any manner directly or indirectly cause, occasioned or contributed to, in whole or in part, by Contractor, any Subcontractor or Sub-subcontractor or anyone directly or indirectly employed by any of them or, anyone fore whose acts any of them may be liable in connection with or incident to the Services, except to the extent of the Owner's negligence or willful misconduct, at which time, Owner would reimburse Contractor the proportionate share of

3

> Contractor's reasonable outside attorneys' fees and any liability to a third party allocable to Owner.

(Def. ThyssenKrupp Br. Ex. E, ECF No. 36-8.) The plain language of the Contract provides that ThyssenKrupp shall reimburse Macy's for its attorneys' fees incurred defending against Plaintiffs' claims. And, at oral argument, ThyssenKrupp could not identify any contractual provision, which discharged the duty to indemnify. Given that there is no genuine dispute that the Contract requires ThyssenKrupp to indemnify Macy's, Macy's is entitled to summary judgment on its cross-motion for attorneys' fees.

## CONCLUSION

Based on the foregoing and reasons stated on the record, ThyssenKrupp's summary judgment motion for common law indemnification is DENIED, and Macy's cross-motion for summary judgment, with respect to its attorneys' fees, is GRANTED. In accordance with the Contract, ThyssenKrupp shall reimburse Macy's for its attorneys' fees.

Dated: Brooklyn, New York
      March 19, 2018

SO ORDERED:

   /LDH          
LaSHANN DeARCY HALL
United States District Judge